UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THE OLIVER STORES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Docket no. 1:11-cv-353-NT |
| v. | ) |
| | ) |
| JCB, INC., | ) |
| | ) |
| Defendant. | ) |

### ORDER AFFIRMING IN PART THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

On December 28, 2011, the United States Magistrate Judge filed with the Court, with copies to counsel, his Report and Recommended Decision. The Defendant filed its limited objection to the Magistrate Judge's Recommended Decision on January 11, 2012 and the Plaintiff filed its objection on January 12, 2012. I have reviewed and considered the Recommended Decision together with the entire record. I have made a *de novo* determination of all matters adjudicated by the Recommended Decision. I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision, except I find that Count II of the Complaint, for violations of Maine's Unfair Trade Practices Act ("**UTPA**"), should not be presented to the arbitrator but should, like Count I, be stayed pending arbitration of the parties' contract dispute.

The Defendant limited its motion to dismiss to the arbitration-related issues, and indicated that it expects "to ultimately seek dismissal of Count II" for failure to

1

state a claim. (Reply to Response to Motion to Dismis at p. 2, n.1 (Doc. # 11)). While the magistrate judge may well be right that the UTPA does not provide a cause of action, I find that it is premature to reach that conclusion without a Rule 12(b)(6) motion to dismiss Count II and thorough briefing by the parties. Whether the UTPA provides a cause of action or not, I do not believe it is appropriate to compel the parties to arbitrate Count II. If the UTPA does provide a cause of action, then Count II should not be sent to the arbitrator because it falls within Paragraph 29 of the parties' contract. If the UTPA does not provide a cause of action, as the magistrate judge concluded, it should be dismissed for failure to state a claim, not sent to arbitration.[1]

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED in PART and VACATED in PART**. The Defendant's motion to compel arbitration is **GRANTED** as to Count III. The Defendant's motion to stay pending arbitration of Count III is **GRANTED** as to Counts I and II. The

---

[1] Under 9 U.S.C. § 10, (the Federal Arbitration Act), a federal district court's review of an arbitral award is "extremely narrow and exceedingly deferential." *Bull HN Information Systems, Inc. v. Hutson*, 229 F.3d 321, 330 (1st Cir. 2000) (citing *Wheelabrator Envirotech Operating Services Inc. v. Mass. Laborers Dist. Council Local 1144*, 88 F.3d 40, 43 (1st Cir.1996)). District courts "do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts." *Id*. If the arbitrator errs, "[e]ven where such error is painfully clear, courts are not authorized to reconsider the merits of arbitration awards." *Advest, Inc. v. McCarthy,* 914 F.2d 6, 8 (1st Cir.1990). Once the UTPA claim is sent to arbitration, the arbitrator is free to determine that it does state a cause of action and to award relief thereunder, even though the claim was only sent to arbitration on the determination that it was not viable. Any mere error of law in this regard would then be unreviewable by the Court.

Defendant's motion to dismiss is **DENIED**.


SO ORDERED.

                                                /s/ Nancy Torresen
                                                United States District Judge


Dated this 22nd day of March, 2012.