# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| THE OLIVER STORES,  )  <br>            )  <br>    Plaintiff,    )  <br>v.            )  <br>            )  Docket no. 1:11-cv-353-NT <br>JCB, INC.,        )  <br>            )  <br>    Defendant.    )  | |

## ORDER ON PLAINTIFF'S MOTION TO DISMISS

Before the Court is Plaintiff's motion to dismiss Count III of its Complaint and to lift the stay currently in effect for Counts I and II. The stay was imposed pending the resolution of Count III in arbitration. For the reasons that follow, the Court **GRANTS** Plaintiff's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of the breakdown of the parties' business relationship. Defendant is a manufacturer of heavy machinery and farm equipment such as tractors, load-alls, and forklifts. Plaintiff had been a distributor of Defendant's machinery prior to Defendant's termination of the relationship on June 21, 2011. On September 20, 2011, the Plaintiff filed a three-count Complaint against Defendant for violations of Maine's Franchise Law, 10 M.R.S.A. §§ 1361 — 1370 (Count I), violations of Maine's Unfair Trade Practices Act, 5 M.R.S.A. §§ 205-A — 214, ("**UTPA**") (Count II), and breach of contract (Count III). On September 21, 2011, Defendant JCB, Inc. ("**Defendant**") filed an answer along with a motion to dismiss the case or stay and compel arbitration of it.

The motion to dismiss or stay and compel arbitration was predicated on an arbitration clause in the parties' distributorship agreement, which requires submission of all disputes to binding arbitration. On December 28, 2011, the United States Magistrate Judge (Rich, J.) filed a Report and Recommended Decision that recommended granting Defendant's motion in part and denying it in part. The Magistrate Judge recommended that the Court retain jurisdiction of Plaintiff's claim for violation of Maine's Franchise Law but stay resolution of this claim pending arbitration of Plaintiff's claims for violation of the UTPA and breach of contract. *See* Doc. #12. On March 22, 2012, the Court adopted this recommendation, altering only the recommendation to submit the UTPA claim to arbitration. *See* Doc. #17. The Court instead retained jurisdiction of this claim along with the Franchise Act claim, referring only the breach of contract claim to arbitration.

Central to the Court's determination that Plaintiff's statutory claims are not subject to arbitration is a clause in the parties' agreement that states:

> If any provision herein contravenes the laws or regulations of any state or other jurisdiction wherein this Agreement is to be performed, ***or denies access to the procedures, forums or remedies provided for by such laws or regulations***, such provisions shall be deemed to be modified to conform to such laws or regulations, and all other terms and provisions shall remain in full force and effect.

JCB Dealership Agreement, ¶ 21 (Doc. # 2-1) (emphasis added.) The Court found that the arbitration clause denies Plaintiff access to the procedures and forums provided by Maine's Franchise Law and UTPA, and found that, by its own terms, the parties' agreement allows the plaintiff to proceed in court with its statutory claims.

Although the parties have resolved certain issues they have not yet engaged in arbitration of the breach of contract claim. Plaintiff now requests that the Court dismiss its breach of contract claim with prejudice and allow it to move forward in this forum solely on its statutory claims. Defendant opposes dismissal.

## **DISCUSSION**

Under Federal Rule of Civil Procedure 41(a), a plaintiff may voluntarily dismiss an action following the defendant's answer only if (1) the parties stipulate to dismissal, or (2) the Court orders dismissal "on terms that the court considers proper."

> The purpose of requiring Court approval of dismissal is to ensure that "'no other party will be prejudiced.'" Accordingly, in ruling on a motion for voluntary dismissal, "the district court is responsible . . . for exercising its discretion to ensure that such prejudice will not occur."
> In exercising that discretion, "courts typically look to 'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.'" Although "courts need not analyze each factor or limit their consideration to these facts," they serve as "a guide for the trial judge, in whom the discretion ultimately rests."

*JRA Architects & Project Managers, P.S.C. v. First Fin. Group*, 375 Fed. Appx. 42, 42-43 (1st Cir. 2010) (internal citations omitted.) The Court perceives no prejudice to Defendant in allowing the Plaintiff to dismiss Count III with prejudice. No discovery has taken place in this case, nor has there been excessive delay in Plaintiff's decision to request dismissal. In the three months since the case was stayed, the parties have been in communication about Plaintiff's claims, but they have not yet even scheduled arbitration. Because Plaintiff is requesting dismissal of

Count III with prejudice, there is no chance that Plaintiff may harass Defendant by bringing this claim again.[1] For these reasons, the Court finds voluntary dismissal of this count appropriate, over Defendant's objection.

Defendant also requests that, should Count III be dismissed and Plaintiff be allowed to move forward on its statutory claims, Plaintiff be precluded "from predicating any remaining claims on conduct within the scope of the parties' contractual relationship," because contract-related issues and defenses must be decided by the arbitrator. Defendant's Opposition to Plaintiff's Motion to Dismiss Count III, pp. 1 and 3 (Doc. # 19).

Standing alone, the arbitration clause appears to require decision of all such issues by the arbitrator. However, paragraph 21 of the agreement requires that Plaintiff have access to the procedures and forums provided for under its statutory claims. This paragraph effectively gives the Court jurisdiction to decide any contract-related issues and defenses that are relevant to Plaintiff's statutory claims. As Defendant notes, the facts and issues material to Plaintiff's breach of contract claim and its statutory claims largely overlap. The Complaint is drafted so as to incorporate all factual allegations asserted therein within each count for relief. If Plaintiff were deprived of the ability to introduce evidence relating to the parties' contractual relationship, paragraph 21 would be rendered a nullity. Plaintiff would have access to forums and procedures for its statutory claims, but no content to

---

[1] In *Stroklund v. Nabors Drilling USA, LP*, Doc. No. 4:10-cv-005, 2010 WeL 3618635 (D.N.D. 2010), a case cited by the Defendant, the plaintiff was seeking to dismiss a count *without* prejudice and it offered no explanation for its desire to dismiss. The Plaintiff here is seeking to dismiss its breach of contract claim *with* prejudice and it offers as a reason for doing so the fact that arbitration costs will exceed the value of the claim.

introduce to support these claims. *See Homelife Communities Group, Inc. v. Rosebud Park, LLC*, 633 S.E.2d 423, 425 (Ga. App. 2006) ("a court should avoid an interpretation of a contract which renders portions of the language of the contract meaningless.")[2]

The Plaintiff candidly seeks to dismiss Count III to avoid arbitration. However, the Plaintiff's ability to do so is a consequence of the language of the parties' contract. *See Dialysis Access Center, LLC v. RMS Lifeline, Inc.*, 638 F.3d 367, 376 (1st Cir. 2011) ("the first principle that underscores all of the Supreme Court's arbitration decisions is that 'arbitration is strictly a matter of consent, and thus is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration.'") Plaintiff has determined that, to avoid arbitration, it is willing to forego whatever unique relief may be afforded to it under its breach of contract claim. It is entitled to do so.

## CONCLUSION

It is therefore **ORDERED** that Count III of the Complaint, for breach of contract, is **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that the stay imposed on Counts I and II of the Complaint is lifted. A scheduling order shall issue forthwith.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 2nd day of July, 2012.

---

[2] Paragraph 17 of the Distributorship Agreement requires the Agreement to "be construed and interpreted in accordance with the laws of the State of Georgia."